# Francisco *vs* Bullock, &c.

### ERROR TO THE GALLATIN CIRCUIT.

　　*Pleas and pleading. Bonds for costs. Abatement.*

　JUDGE MARSHALL delivered the opinion of the Court.

　THIS was a motion by Francisco against Bullock and others, as sureties of a deceased Sheriff, for the failure of said Sheriff to return an execution. The notice of the motion was executed on the 30th and 31st of May and the 1st of June, and on the 27th of June, the day on which it was stated that the motion would be made in Court, the plaintiff being a non-resident, filed a bond with security, for the payment of all costs. This was done before the notice was filed or the motion in any way

entered on the record.   And the notice and motion hav-
ing been afterwards, on the same day, noted on the record,
the defendants thereupon filed a plea in abatement, aver-
ring that the plaintiff was a non-resident, and did not,
before the institution of the motion, file a bond, &c.,
conditioned for payment of all costs, &c.   To this plea
the plaintiff replied the facts as they appear on the re-
cord; and a demurrer to the replication having been sus-
tained, the motion was abated.

 The statute of 1793, (*Stat. Law*, 262,) enacts "that
no suit shall be commenced in any court within this
Commonwealth, by a non-resident, until he shall file in
the Clerk's office of such Court, bond with sufficient se-
curity," &c. &c.   The case of *Canterberry* vs *Smith*, 5
*J. J. Marshall*, 225, decides that this requisition applies
to a motion like the present one, and that in this as in
cases of regular suits, commencing by writ from the
Clerk's office, the failure to give bond may be taken ad-
vantage of, by plea in abatement.   But in that case the
objection on which the plea was sustained by this Court,
went to the character of the bond, and not to the time at
which it was filed.   And the question is now, for the first
time, directly presented, whether, if a sufficient bond be
filed before the notice itself is filed or the motion entered
in Court, but after the service of the notice, a plea in
abatement can afterwards be sustained.

 On looking into the record of *Canterberry* vs *Smith*,
we find that the bond in that case was filed after the ser-
vice and before the filing of the notice; and the circum-
stance that the plea was sustained in this Court upon the
sole ground of the insufficiency of the bond, without any
remark as to the time of its being filed, affords some
ground for the inference that the Court did not then con-
sider that there had been any failure in that respect.   If
this had not been so, we may suppose that a point so dis-
tinct, so palpable on the record, and so important in prac-
tice, would have been noticed as a decisive ground for
sustaining the plea.

 But conceding this inference not to be equivalent to di-
rict authority, we are of opinion that there is an essential
distinction between a motion made upon notice, and an

FRANCISCO
*vs*
BULLOCK &c.

The provisions of
the statute of
1793.

ordinary suit commenced by process from the office of the Court, and which is a pending suit before the process is returned. A notice, until filed, is but the private paper of the party, which he may file or not, at his pleasure. Until it is filed, there is no suit in Court, and strictly speaking, no suit any where. For a mere private proceeding, of which no tribunal can have cognizance or control, but at the will of the party, is not properly a suit. It is true, when it is brought into Court, it becomes a suit, and by relation and for certain purposes, may be, perhaps, regarded as having been so from the beginning. But we do not think it necessarily follows, that a requisition which is, in terms, applicable only to the commencement of suits, should be held applicable to the commencement of a proceeding which is not, in fact, a suit at its commencement, and only becomes one by some subsequent fact. In ordinary suits, the issuing of the writ is itself an appeal to the Court, and is properly the commencement of the suit, but in the case of a notice, there is, before it is filed, no appeal to the Court and no suit, but only a private proceeding, on which such appeal and suit may or may not be founded. If a non-resident has a writ issued in an ordinary action, without filing a bond, he has violated the express prohibition of the statute, though his writ be neither executed nor returned, and there be no further prosecution of the suit. Suppose he puts a notice in an officer's hands, and it is never executed ; or suppose it is executed, but never filed in Court, is the prohibition violated in either case? We think it is not, because there has not, in either case, been any suit commenced.

Without pursuing this distinction further, we are of opinion that the statute does not apply to a motion upon notice, until the notice is filed or the motion and production of notice entered on the record. Then, and not before, there is a suit, and if the bond for costs be previously filed, we think the literal terms of the statute are sufficiently complied with, as its substantial objects certainly are. And this conclusion is the more readily embraced, because under the doctrine which has been established in regard to pleas in abatement, founded on the prohibition

contained in this statute, we are not disposed to extend the prohibition by construction, further than may be required by express adjudications, or by the manifest objects of the statute. It follows, that in this case, there was no ground for the plea in abatement, and the Court erred in sustaining the demurrer to the replication, and in abating the motion.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the demurrer, and for further proceedings.

*Morehead & Reed* for plaintiff.